```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARTIN KEANE and CHARLIE HALL, SR., as    :
Trustees and Fiduciaries of the Union Mutual Fund,
                                          :
              Plaintiffs,                       MEMORANDUM AND ORDER
                                          :
       -against-                                06 Civ. 5981 (KMK)(KNF)
                                          :
ZITOMER PHARMACY, INC.,
                                          :
              Defendant.
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiffs Martin Keane and Charlie Hall, Sr., as trustees and fiduciaries of the Union Mutual Fund ("Fund"), bring this action against Zitomer Pharmacy, Inc. ("Zitomer") for breach of a collective bargaining agreement ("CBA") and violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, seeking an audit of Zitomer's records and alleging entitlement to delinquent contributions from Zitomer.  Before the Court is the plaintiffs' motion to compel production of documents, made pursuant to Fed. R. Civ. P. 37(a).  The defendant opposes the motion.

      On March 15, 2007, the plaintiffs served on the defendant their first request for the production of documents, pursuant to Fed. R. Civ. P. 34.  The plaintiffs requested, <u>inter alia</u>, the following material pertaining to the years 2003-2005: employee earnings records, weekly payroll reports, payroll registers, federal tax forms 1096, 1099, W-2 and W-3, state payroll tax returns, cancelled checks, documents concerning the defendant's federal, state and local tax filings,

documents concerning the defendant's expenditures, records pertaining to any companies owned by or affiliated with the defendant and documents concerning the hours and days worked by the defendant's employees. The defendant did not respond or object to the plaintiffs' document requests, within the 30 days following the service on it of the plaintiffs' demand for documents.

On June 12, 2007, the Court ordered the defendant to respond, on or before June 29, 2007, to the plaintiffs' outstanding discovery demands. On June 28, 2007, the defendant informed the plaintiffs that, effective June 29, 2007, the material responsive to their discovery requests would be available for inspection and copying at its offices. When the plaintiffs' auditor visited Zitomer's offices to review the responsive documents, he was permitted to inspect and copy only Zitomer's New York State quarterly payroll tax returns. No other documents were produced by the defendant.

The plaintiffs contend the defendant: (a) waived any objections it might have to the discovery requests by failing to respond or object to them timely; and (b) failed to comply with the Court's June 12, 2007 order. According to the plaintiffs, the documents requested are relevant to their claims for an audit and any contributions that may be discovered to be owed during the course of the audit because: (i) "they will demonstrate which employees in which job classification worked in which weeks during the audit period;" and (ii) the plain terms of the CBA establish the defendant's obligation to produce the requested records. The defendant contends the document requests are beyond the scope of an audit allowed by ERISA.

Fed. R. Civ. P. 26(b)(1) authorizes a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." A party upon whom a request for production of documents has been served is required to respond or object to it within 30 days

after the service of the request. See Fed. R. Civ. P. 34(b). The party submitting the request may move for an order compelling disclosure, under Fed. R. Civ. P. 37(a), with respect to a failure to respond to the request, in whole or in part, or a failure to permit the inspection as requested. See Fed. R. Civ. P. 34(b).

Here, the plaintiffs' document requests are relevant to their claims seeking an audit and contributions allegedly owed by the defendant because the CBA provides: (1) for the trustees to conduct an annual audit of the Fund; (2) that Zitomer shall pay to the Fund a sum certain for each and every week for each employee employed within the bargaining unit, regardless of whether such employee is a member of the Union; and (3) that Zitomer's payroll records and other pertinent data shall be open for inspection and an audit by the Fund. The defendant's argument, that the plaintiffs' requests are beyond the scope of an audit allowed by ERISA, is unavailing because the defendant waived any objection it could have asserted to the discovery demands of the plaintiffs when it failed to respond or object to them timely. Furthermore, the defendant failed to demonstrate, in its opposition to the plaintiffs' motion, that the plaintiffs' requests are not relevant to any claims or defenses of the parties. Therefore, the plaintiffs' motion, to compel the disclosure of documents, is granted.

On or before September 18, 2007, the plaintiffs shall serve and file competent evidence of the expenses they incurred in making the instant motion, including attorney's fees. Thereafter, on or before September 28, 2007, the defendant shall either tender that amount to the plaintiffs, see Fed. R. Civ. P. 37(a)(4), or serve and file a challenge respecting the reasonableness of the

expenses and fees. If a reasonableness challenge is made by the defendant, the plaintiffs shall, on or before October 5, 2007, serve and file any reply.

Dated: New York, New York  
      September 11, 2007

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE